◼ In the Matter of FRANKIE CANCEL, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [738 NYS2d 737] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered May 25, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

While examining petitioner's file, a facility counselor discovered a copy of an affidavit in which petitioner alleged that his marriage had been dissolved by judgment of divorce the previous year. Inasmuch as petitioner had repeatedly represented himself as still married to his former wife, the

counselor wrote a misbehavior report charging petitioner with lying and violating Family Reunion Program rules. After a tier III hearing, petitioner was found guilty of lying and, following an unsuccessful appeal, he commenced this CPLR article 78 proceeding to challenge the determination. Concluding that the petition raised only procedural issues concerning the disciplinary proceeding, Supreme Court considered the merits of those issues and dismissed the petition.

Petitioner contends that Supreme Court erred in failing to treat the petition as including a challenge to other determinations which denied two grievances. Based upon our review of the petition, particularly the absence of any reference to the grievances in the demands for relief, we agree with Supreme Court's conclusion regarding the scope of the proceeding. Thus, the only argument advanced by petitioner in his brief that was properly raised in the petition concerns the admissibility at the disciplinary hearing of the affidavit upon which the Hearing Officer relied to reject petitioner's claim that he did not know his divorce had been finalized.

The affidavit was prepared by petitioner for a Family Court proceeding he commenced regarding his minor child. Based upon his claim that he did not provide anyone in the facility with a copy of the affidavit, petitioner contends that the copy of the affidavit found in his file by the author of the misbehavior report was necessarily the product of improper tampering with his legal mail by facility staff. Although neither the author of the report nor her supervisor appeared to have any personal knowledge of how the report came to be in the file, the supervisor testified that petitioner's former wife had previously expressed her desire to have no further communication from petitioner. Thus, inasmuch as the affidavit must have been included in the papers sent by petitioner to his former wife when he commenced the Family Court proceeding against her, it is clear that the hypothesis upon which petitioner relies— that the file copy of the affidavit must have been the result of improper tampering with his legal mail—does not necessarily follow from the evidence in the record, for the copy could readily have been provided by petitioner's former wife who did not want any communication from him. Accordingly, in the absence of any direct evidence at the hearing to support petitioner's claim of improper tampering with his legal mail, we cannot say that the Hearing Officer's reliance on the affidavit over petitioner's objection was arbitrary and capricious. In addition, the affidavit merely confirmed the reasonable inference that petitioner, who commenced the uncontested divorce action,

knew that he had been granted the relief he had requested. There is no basis to disturb the determination of petitioner's guilt and, therefore, the judgment is affirmed.

Cardona, P.J., Peters, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.